IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| John S. Meacham, et al. | ) | Case No. 5:09CV01053 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE DAVID D. DOWD, JR. |
| vs. | ) | |
| | ) | |
| The City of Akron, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE BRIEF OF THE**
**UNITED STATES OF AMERICA**

i

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

STANDARD OF REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ii

FEDERAL CASES

Federal Communications Commission, et al., v. Fox Television Stations, et al.,
   556 U.S. ___; 129 S. Ct. 1800 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Kroger v. Regional Airport Authority of Louisville and Jefferson County,
   286 F.3d 382 (6th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

Motor Vehicles Manufacturers Association of the United States v.
   State Farm Mutual Insurance, 463 U.S. 29, 103 S. Ct. 2856 (1983) . . . . . . . . . . . . . . . 1

Nagi v. United States, 751 F.2d 826 (6th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1


FEDERAL STATUTES

18 U.S.C. § 1014 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3


FEDERAL REGULATIONS

49 C.F.R. § 24.403(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

1

STANDARD OF REVIEW

HUD's decision may only be set aside if it was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Kroger v. Regional Airport Authority of Louisville and Jefferson County, 286 F.3d 382, 386-387 (6th Cir. 2002). The arbitrary or capricious standard is the least demanding review of an administrative action. If there is any evidence to support the agency's decision, the agency's determination is not arbitrary or capricious. (Id. at 389).

Plaintiffs cite the earlier case of Nagi v. United States, 751 F.2d 826 (6th Cir. 1985) for the proposition that the "substantial evidence" standard applies in this case. The Court in Kroger clarified that the previously decided Nagi case did not establish the "substantial evidence" standard as the applicable standard to be applied in the Sixth Circuit. Kroger v. Regional Airport Authority of Louisville and Jefferson County, 286 F.3d 382, 388 fn 2 (6th Cir. 2002).

Plaintiffs' reliance on Motor Vehicles Manufacturers Association of the United States v. State Farm Mutual Insurance, 463 U.S. 29, 103 S.Ct. 2856 (1983) for the proposition that a higher standard than that set forth in Kroger v. Regional Airport Authority of Louisville and Jefferson County, 286 F.3d 382, 386-387 (6th Cir. 2002) should apply is also misplaced. The Supreme Court discussed the State Farm case and clarified its decision in Federal Communications Commission, et al., v. Fox Television Stations, et al., 556 U.S. ___ ; 129 S. Ct. 1800, 1810-1811 (2009) rejecting the argument

2

that a different or higher standard than "arbitrary or capricious" would apply in the type of appeal presented here.

## ARGUMENT

Plaintiffs address the issues of occupancy, ownership and the value of a replacement housing payment. HUD's decision denied Plaintiffs' request for a replacement housing payment because they were not eligible occupants of 630 Diagonal Road. That is the only issue before the Court and the response of the United States is limited to that issue. If HUD's decision on eligibility is found to be arbitrary or capricious, the proper remedy is a remand to the agency for additional investigation or explanation. <u>Kroger v. Regional Airport Authority, etc.</u>, 286 F.3d 382, 387 (6th Cir. 2002).

Plaintiffs admit that Thomas Faulknier obtained title to 630 Diagonal Road (Property). (Plaintiff's Brief pg 4). Yet, Plaintiffs ignore his ownership and occupancy by asserting that they were somehow in control. Plaintiffs assert that Mr. Faulknier obtained a $65,000 loan in 2002. (Plaintiff's Brief pg 5). Plaintiffs then claim that "in late 2002, the Meachams were able to secure a final refinancing loan in order to complete the restoration of the property. (Plaintiffs Brief pg 5). That statement is contradicted by the statements of Thomas Faulknier contained in the loan application and mortgage supplied by Plaintiffs to the City of Akron.

3

Mr. Faulknier was using the Property as his primary residence and was the occupant of the Property on September 17, 2003. (R. 362, 364-365, 380). Mr. Faulknier further indicated that he had resided at the property for 2 years. (R. 364). As noted on the Occupancy Verification form above the signature line of Mr. Faulknier, "I/We fully understand that it is a Federal crime punishable by fine and/or imprisonment, to knowingly make any false statements when applying for this mortgage, as applicable under the provisions of Title 18, United States Code, Section 1014." (R. 380). The loan documents were provided by Plaintiffs and resulted in the issuance of a mortgage. (R. 362, 407-422). It is rational for HUD to accept these statements as true over unsupported and contradictory statements made by Plaintiffs.

Plaintiffs' statement that they entered into a land contract on April 19, 2003 is also contradicted by the record citation which indicates that the land contract was entered into on October 19, 2003. (Plaintiff's Brief pg 5). The land contract was dated after Mr. Faulknier obtained a $113,000 mortgage on the Property which was referenced in the land contract. (R. 255, 268-269, 363-391).

Even absent the documentation of Mr. Faulknier's ownership and occupancy, Plaintiffs claim of constructive occupancy fails for a second reason. They were not excluded from the premises by forces beyond their control.[1] Plaintiffs vacated the Property in 1998 and received the insurance proceeds in 2001. (R. 277-280). Plaintiffs then claim that the insurance proceeds were used "to purchase the fire damaged home back from foreclosure." (R. 279). While that claim is questionable in light of the documents establishing Mr. Faulknier's ownership, Plaintiffs admit that the insurance proceeds were not used to restore the Property.

The information provided by Plaintiffs indicates that the money, if any, used to partially restore the property was obtained by Mr. Faulknier through a mortgage secured by the Property. Plaintiffs' claims that Mr. Faulknier "acted simply as a financier" or they "took out a final refinance loan to complete restoration of the property," is refuted by the recorded mortgage and loan application.. (R. 280-282, 364-365, 380, 408-422).

---

[1] 49 C.F.R. § 24.403(d) provides some exceptions to the occupancy eligibility requirements as follows.

> (d) Occupancy requirements for displacement or replacement dwelling.
>
> No person shall be denied eligibility for a replacement housing payment soley because the person is unable to meet the occupancy requirements set forth in these regulations for a reason beyond his or her control, including:
>
> (1) A disaster, an emergency, or an imminent threat to the public health or welfare, as determined by the President, the Federal Agency funding the project, or the displacing Agency; or,
>
> (2) Another reason, such as a delay in the construction of the replacement dwelling, military duty, or hospital stay, as determined by the Agency.

5

Mr. Faulknier's actions to mortgage the property are consistent with the owner and occupier of a property seeking to restore the Property since he did not have insurance proceeds from the fire available to him.

Plaintiffs' failure to use the insurance proceeds, their own money or credit to restore the property negates Plaintiffs argument that their absence from the premises was beyond their control.[2]

## CONCLUSION

Plaintiffs moved out of the Property and their interest in the property was obtained by Mr. Faulknier. It is rational for HUD to accept the statements of Mr. Faulknier as true since they are contained in documents provided by Plaintiffs, contain statements made with the clear understanding of the possible penalties for making false statements, and were deemed sufficiently reliable to result in the issuance of a mortgage.

Even ignoring Mr. Faulknier's documented ownership and occupancy of the Property in September 2003, Plaintiffs argument that they constructively occupied the premises from 1998 through November, 2003 is additionally refuted because they were in control of their situation and chose not to use the insurance proceeds or their own money

---

[2] As noted above, the temporary absence due to the 1998 fire also ceased to be an excuse when an intervening owner occupied the property.

6

to restore the Property. HUD's decision is supported by evidence and should be affirmed as neither arbitrary nor capricious.

                                            STEVEN M. DETTELBACH
                                            UNITED STATES ATTORNEY

By:   /s/ *James L. Bickett*
        James L. Bickett (0005598)
        Assistant United States Attorney
        Federal Building, Room 208
        Two South Main Street
        Akron, Ohio 44308-1855
        Voice: 330-761-0523
        Fax: 330-375-5561
        James.Bickett@usdoj.gov

7

## CERTIFICATE OF SERVICE

I hereby certified that on the 17th day of December, 2009, a copy of the foregoing *Response Brief of the United States* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ *James L. Bickett*
James L. Bickett
Assistant United States Attorney